Stanley MORVANT

v.

J. RAY McDERMOTT FABRICATORS INC. and Travelers Insurance Company.

Civ. A. No. 13746.

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 12, 1968.

R. Henry Sarpy, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant.

Milton W. Janssen, Alker & Janssen, New Orleans, La., for plaintiffs.

COMISKEY, District Judge.

This action is a result of an industrial accident under the Louisiana Workmen's Compensation laws, generally LSA–R.S. 23:1 et seq. This Court has jurisdiction under the provision of 28 U.S.C. § 1332 (prior to the 1964 amendment) in that compensation claimed exceeds $10,000.00 and diversity exists between all parties.

## FINDINGS OF FACT

### 1.

The plaintiff, Stanley Morvant, was employed by J. Ray McDermott Fabricators Inc., a corporation, as a pipefitter's helper. Plaintiff had been employed by McDermott for approximately two years prior to the accident, and continued in this employment through the summer of 1963 or approximately one year after the accident. Travelers Insurance Company was the workmen's compensation carrier for the period when this accident occurred.

### 2.

The plaintiff was injured, the first time, in May 1962 while engaged in wrapping some cable around some pipe. Without a signal to the plaintiff from the operator, a crane lifted the pipe off the ground. As a result, the pipe fell on the plaintiff's left knee. The plaintiff was immediately taken to a medical doctor in Lake Charles, Louisiana and was treated and given crutches.

### 3.

After approximately one week, the plaintiff returned to McDermott's to work doing his usual duties. On approximately July 7, 1962, plaintiff reinjured the same knee and subsequently went to New Orleans for an examination and treatment by Dr. Hyman R. Soboloff, an orthopedic surgeon. Plaintiff later saw Dr. R. Grunstein on August 10, 1962 in New Orleans. Both medical doctors were of the opinion that the plaintiff has "completely overcome the effect of injury to his left knee" and recommended the resumption of his normal work activity.

### 4.

Plaintiff did in fact resume his occupation August 13, 1962 when he returned to his employer, McDermott, and engaged in his usual occupation and performed his normal duties.

### 5.

Plaintiff was paid Workmen's Compensation for the period of May 15 to May 27, 1962 and for the period July 13 to August 12, 1962 in the amount of $256.67.

### 6.

Medical bills were paid by the defendant Travelers Insurance Company in the amount of $192.45 of which amount includes $46.20, which was labeled as travel refund to and from the doctors. The period for which the travel was paid was

July 11 to August 16, 1962. The receipt for the reimbursement of travel expenses was dated September 7, 1962 and annotated *"Department to be charged 'Compensation'"*.

7.

This suit was filed on *August 14, 1963*.

8.

In the summer of 1963, plaintiff left the employment of McDermott and commenced work as a truck driver for Lafourche Lumber Company. At the time of trial, plaintiff was still employed in this occupation. His rate of pay when he started at Lafourche was $1.25 per hour and presently is $1.50 per hour. His rate of pay when he left McDermott in 1963 was $1.35 per hour.

9.

It is the plaintiff's testimony that he still has trouble with his knee and that he missed two weeks work while at Lafourche. He also testified that he has at least on one occasion received heat treatment from a medical doctor for his knee since he left McDermott.

ISSUES PRESENTED

Defendants contend because suit was not timely filed (August 14, 1963), the plaintiff's right of action has prescribed; for the last compensation payment was made on August 12, 1962. The plaintiff claims the reimbursed travel expenses are compensation, hence, prescription was interrupted.

Alternatively, the defendants say the plaintiff has not sustained the burden of proving he is totally and permanently disabled under the Act.

THE LAW

La.R.S. 23:1209 provides:

In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. *Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.* Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. (Emphasis supplied)

▆ The principal part of the statute which the plaintiff considers apropos is emphasized. It is this part which he relies on as the basis for interruption of prescription. "Payments" have been interpreted to mean only "compensation payments". Brown v. Travelers Insurance Co., 247 La. 7, 169 So.2d 540 (1964); Mella v. Continental Emsco, 189 So.2d 716 (La.App. 1st Cir. 1966); Pope v. Coney, 119 So.2d 136 (La.App. 1st Cir. 1960). The plaintiff does not dispute this, but merely argues the travel reimbursement to and from doctors *is compensation* even if in the form of a gratuity. We agree, in part. Travel reimbursement is a gratuity, but not in the form or in lieu of compensation, hence will not interrupt prescription. Thornton v. E. I. Dupont de Nemours & Co., 207 La. 239, 21 So.2d 46 (1944); Daigle v. Higgins Industries, 29 So.2d 374 (La.App. 4th Cir. 1947). The plaintiff argues where unearned wages are paid to an injured employee, it is a gratuity and interrupts prescription; but this may be rationalized only because the wages are in lieu of compensation. Daigle v. Higgins Industries, cited supra; Scalise v. Liberty Mutual Ins. Co., 84 So.2d 88 (La.App. 1st Cir. 1955). In Rylander v. T. Smith & Son, Incorporated, 177 La. 716, 149 So. 434, 435 (1933), it was stated by the Supreme Court of Louisiana that: "The workmen's compensation statute is not a statute allowing the workman damages for injuries sustained in the course of

his employment even through the negligence or fault of his employer. *It is essentially insurance against the loss or diminution of earning capacity \* \* \*.*" This is certainly a very clear definition of compensation. Furthermore, Professor Malone in his treatise says, "Any excess of expense paid by the employer or insurer is in the nature of a gratuity." Malone, Louisiana Workmen's Compensation Law and Practice ¶ 285 at page 366, West Publishing Co. (1951 ed.). The act itself does not not provide for the payment of travel expense to and from doctors. Hence, it seems it could be classified as a necessary medical expense or a mere gratuity, but we need not decide that issue.

█ The plaintiff further argues the labeling of the receipt of the travel expenses as compensation should be conclusive as to the nature of the payment. It would be difficult to believe that because the insurers accounting system causes it to be labelled as such that this court should ignore the Louisiana law as to what is compensation, medical expenses and payments for limbs and disfigurement. See Malone, Louisiana Workmen's Compensation Law and Practice ¶ 271 et seq., West Publishing Co. (1951 ed). Consequently, we find this evidence to be of little persuasive value.

### CONCLUSIONS OF LAW AND FACT

We hold the reimbursement of travel expenses to be a mere gratuity and not compensation, and when paid after the last compensation payment, it does not interrupt prescription, and the failure of the plaintiff to file suit within one year from the date of last payment of compensation bars his recovery under the Louisiana Workmen's Compensation Act.

Consequently, although we feel defendants are correct in their contention that plaintiff has not sustained the burden in proving disability, we find it unnecessary to decide this question, this action being barred by prescription.

Accordingly, the clerk is hereby instructed to prepare a judgment in favor of the defendants, McDermott and their insurer.